# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MADISON COATING COMPANY, )<br>INCORPORATED, an Illinois )<br>Corporation, d/b/a MADISON COATINGS )<br>INC., )<br>Defendant. ) | No. 17 CV 4168<br><br>Judge Durkin<br><br>Magistrate Judge Finnegan |

## **PLAINTIFFS' MOTION FOR JUDGMENT IN SUM CERTAIN**

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANDREW S. PIGOTT and ARNOLD AND KADJAN LLP move this Court to enter judgment against Defendant in the amounts determined in its recent fringe benefit fund contribution compliance audits. In support of their Motion, the Plaintiffs state as follows:

1. This is an action to recover delinquent fringe benefit fund contributions and other amounts owed based on breaches of Collective Bargaining Agreements, and the applicable provisions of ERISA.

2. Plaintiffs served Defendant with their Complaint seeking an order commanding compliance with an ERISA fringe benefit contributions audit on June 25, 2017.

3. More than twenty-one passed after service of process and the Defendant did not answer or otherwise plead, leading this Court to grant Plaintiffs motion for entry of a default and issuance of an audit order. Defendant successfully moved the Court to vacate the default on August 14, 2017.

4. Plaintiffs' auditor completed her review of Defendant's books and records and issued

audit reports in February 2018, which Plaintiffs promptly provided to Defendant.

5. At the May 11, 2018 hearing before this Court, the Court ordered Defendant to answer Plaintiffs' Complaint by May 18, 2018.

6. Defendant did not comply with the Court's May 11 Order, failing to timely answer or to tender challenges to the audit's findings as promised at each status hearing subsequent to the issuance of the audit reports. Additionally, Defendant failed to answer Plaintiffs' discovery issued May 7, 2018.

7. After Plaintiff moved for a default judgment, on June 28, 2018, Defendant moved to file its answer *instanter* on July 4, 2018.

8. The Court granted Defendant's motion at a hearing on July 6, 2018, and further ordered Defendant to answer Plaintiffs' discovery by July 30, 2018.

9. Defendant tendered purported MIDP disclosures on July 17, 2018. The disclosures, however, failed to conform with the Northern District's standing order as they failed to identify any defenses or alternative calculation of damages (i.e., audit challenges). Rather, on those mandatory subjects, the disclosures merely provided the following, meaningless verbiage:

> 4. For each of your claims or defenses, state the facts relevant to it and the legal theories upon with it is based.
> RESPONSE:
> > Defendant's defense is based upon the work performed by retained union workers, subject to the applicable CBA, and the wages paid and contributions made on said employees past. The Defendant's records differ from the amounts alleged by Plaintiff and Richard J. Wolf audits and that the audits contain improper assumptions and miscalculations.
>
> 5. Computation of each category of damages claimed and a description of the documents or other evidentiary material on which it is based.
> RESPONSE:
> > Defendant's claim that the damages claimed are overstated and/or miscalculated based on the audit reports supplied, and Defendant's payroll and bank records, contribution reports and the CBA.

10. As of today's date, Defendant still has not answered Plaintiffs' discovery demanding

Defendant to specifically identify and document its disagreements with Plaintiffs' audit.

11. Defendant has abandoned the litigation. Each time Plaintiffs and/or this Court demand compliance with the Rules of Federal Procedure or this Court's specific orders, which would have the effect of requiring Defendant to identify how the Parties are actually in dispute, Defendant declines to comply. The only reason for this repeated non-compliance that Plaintiffs can discern is that the Parties are not, in fact, in dispute. Defendant is merely playing for time.

12. According to the Declaration of Richard J. Wolf, Defendant is $95,350.02 in arrears to the Funds in contributions and wages. See Ex. A.

13. According to the Declaration of Andrew S. Pigott, Plaintiffs incurred at least $11,475.00 in attorneys' fees and costs in this matter, recoverable under ERISA, the Funds' Trust Agreements, and the Painters District Council 14 Collective Bargaining Agreement. See Ex. B.

WHEREFORE, ask this Court to enter the Order attached to this Motion as Exhibit C.

Respectfully submitted,

s/      Andrew S. Pigott
One of Plainitffs' attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANDREW S. PIGOTT
**ARNOLD & KADJAN, LLP**
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312)236-0415